UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN E. ROBINSON, JR.                CIVIL ACTION

VERSUS                               NO: 04-1899

DIAMOND OFFSHORE MANAGEMENT          SECTION: "J" (1)
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is defendant ART Catering's **Motion for Partial Summary Judgment**. (Rec. Doc. 32). Plaintiff opposes the motion. (Rec. Doc. 37). Having considered the record, the memoranda of counsel, and the applicable law, the Court finds that defendant's motion should be **DENIED**.

**BACKGROUND**

ART Catering hired plaintiff in November or December of 2003 to work as a galleyhand. In February of 2005, ART Catering assigned plaintiff to a jackup rig owned by Diamond Offshore (USA), Inc. or one of its affiliates ("Diamond Offshore"). On

February 23rd or 24th, Diamond Offshore began painting and repairing the room where plaintiff slept. Plaintiff testifies that during this time his bed looked like it was being used by the painters as a ladder or workbench.

On February 25, plaintiff's bunk collapsed 8-10 inches beneath him while he slept. As a result of the fall, he claims neck, back, and leg injuries. After the collapse an incident investigation by Diamond Offshore revealed that the bed was not welded or fastened to the rails. The investigation report recommended that all remaining bunks on the rig should be inspected and that rivets should be installed on all bunks. On July 2, 2004, plaintiff sued both Diamond Offshore and ART Catering claiming Jones Act negligence and vessel unseaworthiness. ART Catering is seeking summary judgment that plaintiff has failed to provide sufficient evidence of negligence on its part.

## DISCUSSION

**A.   Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. *Little Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(citing Fed. R. Civ. Pro. 56(c)). The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues. *Id.* If the moving party fails to meet that burden, summary judgment is inappropriate regardless of the response of the nonmoving party. *Id.* If the moving party meets its burden, the nonmoving party must designate specific facts that show there is a genuine issue for trial. *Id.* On summary judgment, factual controversies are resolved in favor of the nonmoving party. *Id.*

**B.   Analysis**

ART Catering does not contest that it had a duty under the Jones Act to provide a safe workplace to plaintiff. This duty requires the employer to make inspections of third party's property before sending an employee to work there. *Davis v. Hill*, 549 F.3d 314, 329 (5th Cir. 1977)(overruled on other grounds). ART Catering challenges whether plaintiff has raised a triable issue regarding negligence.

Jones Act negligence uses the same standard as that employed by common law tort suits. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 339 (5th Cir. 1997)(overruling prior cases that had established a higher duty of care than ordinary negligence).

Thus, plaintiff must establish that Art Catering failed to exercise ordinary prudence in not inspecting and addressing plaintiff's unfastened bunk. *See id* at 338-39. Questions of negligence are factual issues. *Noritake Co., Inc. v. M/V Hellenic Champion,* 627 F.2d 724, 728 (5th Cir. 1980). The fact finder "is entitled to make permissible inferences from unexplained events," but a complete absence of proof of an essential element of the nonmoving party's case warrants summary judgment. *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir.1987).

ART Catering argues that because it is not an insurer of plaintiff's safety, the fact of injury alone is insufficient to establish liability. *See Gautreaux*, 107 F.3d at 338. ART Catering analogizes plaintiff's case with *Harrison v. Seariver Maritime, Inc.*, 61 Fed.Appx. 119 (5th Cir, 2003)(unpublished opinion). In *Harrison* the employee had a congenital knee problem. The employee's knee "popped" while she was carrying hoses down stairs from the deck to storage below. The court found that the employer had not been negligent and was not liable when the injury arose solely from the normal activities of the work which the employee had been hired to do.

Plaintiff, correctly, contests the applicability of *Harrison's* reasoning because plaintiff was not hired to have his

bunk collapse beneath him while he slept. Plaintiff notes that only if the stairs had collapsed beneath the plaintiff in *Harrison* would the analogy be appropriate.

Plaintiff argues that ART Catering failed to exercise ordinary prudence when it failed to inspect the bunks before assigning plaintiff to the rig, and/or when it failed to inspect his assigned room during or after the painters worked there. Plaintiff cites as support his deposition testimony regarding his accident and the painters' conduct, and the investigation report showing insufficient fastening of the bunk and ordering all other bunks inspected and fastened. Plaintiff does not actually provide evidence that ART Catering failed to inspect the bunks before assigning plaintiff to the rig. But the investigation report is evidence that, if there was an inspection, it did not result in a fastened bunk. The recommendation in the report also tends to show that an unfastened bunk is risky and should be repaired.

In relation to the motion before the Court, factual controversies are to be resolved in favor of plaintiff. Although hardly compelling, plaintiff's evidence does raise genuine issues of material fact as to whether Art Catering exercised ordinary prudence in providing plaintiff with a safe workplace.

Accordingly,

**IT IS ORDERED** that defendant's **Motion for Partial Summary Judgment** (Rec. Doc. 32) is **DENIED**.

New Orleans, Louisiana this the 20th day of December, 2005.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE